IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DONNIE WARREN,
      Petitioner,

vs.                                 Case No.:  3:13cv296/RV/EMT

MICHAEL CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 15).  Petitioner filed a response in opposition to the motion (doc. 19).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 15).[1] Petitioner was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 76-I-41,

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 15) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

with robbery, during the course of which he carried a firearm (Ex. A).  Petitioner pleaded guilty to the charge, and on June 3, 1976, the court adjudicated him guilty and sentenced him to life imprisonment, with pre-sentence jail credit of 103 days (Exs. B, C).  Petitioner did not appeal the judgment.

On April 13, 1977, Petitioner filed a motion for reduction of sentence, pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure (Ex. D).  The state circuit court summarily denied the motion in an order rendered the same day (*id.*).

On or about November 13, 1978, Petitioner requested that the clerk of court send him a copy of the charging document and the transcript of the plea and sentencing hearing (Ex. PD-1, p. 3; Ex. E).  The clerk of court provided him a certified copy of the charging document and the judgment (*id.*).

On or about April 13, 1994, Petitioner filed a "Petition for Writ of Mandamus" requesting an order requiring the State to produce the transcript of the plea and sentencing hearing, and notify him of the cost of production so that he could pre-pay the amount to the clerk of court (Ex. F).  On April 20, 1994, the clerk of court notified Petitioner that the cost of a copy of the transcript was $19.00, and advised him that upon payment of the fee, the copy would be provided (Ex. PD-1, p.3; Ex. D).

On April 14, 2003, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. G at 1–3).  The state circuit court summarily denied the motion in an order rendered May 7, 2003 (*id.* at 4–6).  The court, on its own motion, found that the Judgment and Sentence incorrectly identified the offense of conviction as robbery, instead of robbery with a firearm, and so directed the clerk of court to enter a corrected judgment to reflect the correct offense (*id.*).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D03-2102 (Ex. G at 26).  On July 16, 2003, the First DCA affirmed per curiam without written opinion (Ex. H).  Warren v. State, 861 So. 2d 30 (Fla. 1st DCA 2003) (Table).  The mandate issued August 12, 2003 (Ex. PD-2).

On April 29, 2010, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I at 1–10).  The state circuit court summarily denied the motion in an order rendered June 4, 2010 (*id.* at 31–34).  Petitioner appealed the decision to the

First DCA, Case No. 1D10-3554 (*id.* at 62).  On August 27, 2010, the First DCA affirmed per curiam without written opinion (Ex. J).  <u>Warren v. State</u>, 43 So. 3d 699 (Fla. 1st DCA 2010) (Table). The mandate issued September 22, 2010 (*id.*).

On June 6, 2012, Petitioner filed a "Petition for Writ of Habeas Corpus/Motion to Correct Illegal Sentence" in the state circuit court (Ex. K).  On June 26, 2012, he filed a "Motion to Certify Question of Great Public Importance to the Florida Supreme Court" (Ex. M at 1–28).  The circuit court denied the motions in separate orders rendered December 5, 2012 (*id.* at 33, 34–38).  Petitioner appealed the decisions to the First DCA, Case No. 1D13-0128 (*id.* at 62).  On March 7, 2013, the First DCA affirmed per curiam without written opinion, with the mandate issuing April 2, 2013 (Ex. M).  <u>Warren v. State</u>, 109 So. 3d 789 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant habeas action on April 23, 2013 (doc. 1 at 1).[2]  He raises the following two grounds for relief:

> A.   Ground One:  "Defective Information for armed robbery under Section 812.13 F.S. which was no more than a second degree felony under the above quoted statute.  The State never charged a violation of the armed robbery statute 812.13(2)(a) (1976).  The Information filed by the States charges a violation of the robbery statute 812.13 F.S. (1976).  The State did not charge a violation of a specific sub-section and there was no [sic] references to a specific statute detailing all of the elements of armed robbery.  The body of the Information only references a violation of 812.13—simple robbery, a second degree felony at the time Defendant committed his offense on June 30, 1976.  [The] Florida Legislature divided the robbery statute into three (3) different degree felony offenses after July 1, 1975.  Petitioner's offense occurred after the effective date.  All robberies were no longer punishable by life imprisonment.  Therefore, the state court committed fundamental error and a miscarriage of justice because the life sentence is for a crime Petitioner is not charged with having committed."

> B.   Ground Two: "Manifest and miscarriage of justice; ineffective assistance of counsel and a fair trial due to counsel's deficient performance.  Petitioner was denied his Sixth Amendment right and a fair process for a fair trial and the guiding hand of counsel where trial counsel failed to test the prosecution's case and insure that the proceedings serve the function of

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

> adjudicating guilt or innocence, while protecting Petitioner's rights, where
> trial counsel failed to put in the investigative work and understanding of the
> law surrounding the fatally defective Information based on a change in the
> robbery statute where the State of Florida sentenced Petitioner for an
> uncharged offense.  Had counsel investigated section 812.13 (1976 F.S.), he
> would have known that a sentence of natural life for a violation of 812.13
> was/is a miscarriage of justice and a denial of due process because the life
> sentence is for a crime (armed robbery) that he is not charged with having
> committed.  But for counsel's professional errors, the outcome would have
> been different because Petitioner wouldn't have been sentenced to natural life
> in prison for a second degree felony."

(doc. 1 at 5, 7).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism
and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which
became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas
petition by a person in custody pursuant to a state court judgment.  The limitation period runs from
the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends Petitioner's § 2254 petition is untimely, because it was not filed by
April 24, 1997, one year from the AEDPA's effective date (doc. 15 at 3).  *See* Guenther v. Holt, 173
F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the
effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to

run on its effective date, *i.e.*, April 24, 1996."); <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209 (11th Cir. 1998).

Petitioner argues, "the State created an impediment to Petitioner's ability to correctly file and vindicate a substantial claim in accordance with state and federal procedures" (doc. 1 at 14). He argues he was ill equipped to present his claims due to his limited education and lack of legal knowledge (*id.*). Relying upon <u>Martinez v. Ryan</u>, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), he contends the State's failure to provide adequate access to the law library and failure to appoint an attorney to assist him with his initial post-conviction applications constituted an impediment to his satisfying state and federal procedural requirements (*id.* at 13–15).

Petitioner's reliance upon <u>Martinez</u> for the argument that the State was required to provide post-conviction counsel is misplaced. In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. The Supreme Court did not hold that there is a constitutional right to counsel in initial-review collateral proceedings, *see* <u>Martinez</u>, 132 S. Ct. at 1315, such that the State's failure to provide counsel automatically qualifies as a State-created impediment to a defendant's filing a federal habeas action. Further, in light of the Eleventh Circuit's recent decision that the reasoning of the <u>Martinez</u> rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period, *see* <u>Arthur v. Thomas</u>, — F.3d —, 2014 WL 30707, at *18 (11th Cir. Jan. 6, 2014), the undersigned concludes that <u>Martinez</u> may not serve as the basis for triggering the federal limitations period. *See, e.g.,* <u>Morris v. Fla. Dep't of Corr.</u>, No. 1:13cv47/MMP/GRJ, 2014 WL 204899, at *2 (N.D. Fla. Jan. 17, 2014) (unpublished) (<u>Martinez</u> may not serve as the removal of a State impediment for purposes of § 2244(d)(1)(B); petitioner should have filed his federal petition in a timely manner and attempted to excuse any procedural default by relying on <u>Martinez</u>).

Petitioner's argument the State's failure to provide adequate access to the law library is also unconvincing. To show an impediment which would trigger the later commencement date for the one-year period, set forth in § 2244(d)(1)(B), Petitioner must demonstrate that the State actually

prevented him from exercising his right of access to courts to attack his conviction, and that the impediment created by the State was unconstitutional because it was not "reasonably related to legitimate penological interests." <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000) (quoting <u>Lewis v. Casey</u>, 518 U.S. 343, 361, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)) (other citations omitted).[3]

Here, Petitioner does not identify any specific inadequacy in institutional legal resources, let alone show that any limitation actually prevented from exercising his right of access to the courts to attack his conviction.  Further, Petitioner does not explain why he was able to file his federal petition pro se in April of 2013, but was unable to file it sooner, namely, within the one-year limitations period.  In the absence of any showing that an inadequacy in prison legal resources actually prevented him from preparing or filing a post-conviction attack on his conviction, or that such inadequacy caused the late filing of his federal petition, Petitioner has failed to demonstrate that § 2244(d)(1)(B) is the appropriate statutory trigger for the federal limitations period.

Because Petitioner failed to demonstrate that a date later than the effective date of the AEDPA is the appropriate trigger for the federal statute of limitations, the AEDPA's effective date is the appropriate trigger date.  Thus, Petitioner's federal limitations period expired on April 24, 1997.  *See* <u>Moore v. Campbell</u>, 344 F.3d 1313, 1319–20 (11th Cir. 2003) (holding that Fed. R. Civ. P. 6(a) applies to the effective date of the AEDPA; thus, a petition filed on April 24, 1997 would be timely)

Section 2244(d)(2) provides for tolling of the one-year period during the time a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.  28 U.S.C. § 2244(d)(2).  Petitioner did not have any post-conviction applications pending in state court between April 23, 1996 and April 24, 1997.  After April 24, 1997, his next filed post-conviction application was a Rule 3.800(a) motion, filed on April 14, 2003.  However, that motion did not toll the federal limitations period, because the limitations period had

---

[3] <u>Akins</u> involved the one-year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates.  *See* § 2255 ¶ 6, subsection (2) (commencing the time from the date a government created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

already expired almost six (6) years prior.  *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Therefore, statutory tolling does not save Petitioner's federal petition from dismissal.

Petitioner anticipated Respondent would assert a procedural defense such as timeliness or procedural default, and in anticipation of that defense, Petitioner contends any procedural default was caused by the fact that he had no counsel in any of the post-conviction proceedings; therefore, he is entitled to equitable tolling of the limitations period pursuant to <u>Martinez</u> (*see* doc. 1 at 13–15; doc. 19).  However, as previously discussed, the Eleventh Circuit determined that the reasoning of the <u>Martinez</u> rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period.  *See* <u>Arthur</u>, 2014 WL 30707, at *18.  Therefore, <u>Martinez</u> affords Petitioner no relief from the federal time bar.

Petitioner additionally argues he is entitled to review of his claims through the "actual innocence" exception to the time bar (doc. 1 at 5–7; doc. 19).  In <u>McQuiggin v. Perkins</u>, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations.  133 S. Ct. at 1928.  The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).  The Court stressed that the <u>Schlup</u> standard is demanding, and a petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims only if he presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"  *Id.* at 1936 (quoting <u>Schlup</u>, 513 U.S. at 316).

In support of his actual innocence claim, Petitioner asserts he was convicted of and sentenced for a crime of a higher degree than charged in the charging document.  He contends the charging document charged him with simple robbery, which is a second degree felony carrying a maximum

sentence of fifteen years, but the trial court convicted him of armed robbery, which is a first degree felony, and sentenced him to the statutory maximum of life imprisonment.

The Eleventh Circuit has held that the actual innocence "gateway" to an otherwise procedurally defaulted or time-barred petition for habeas relief does not extend to a petitioner who committed the act or acts that constituted the crime and whose alleged actual innocence is premised on being guilty of only a lesser degree of the offense of conviction. *See* Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1015 (11th Cir. 2012). Therefore, Petitioner's "actual innocence" claim is not cognizable. Moreover, even if his claim of actual innocence were cognizable, it still fails because he has not presented any new evidence, let alone "new reliable evidence" such that it is more likely than not that "no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 324, 327 (citing "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" as examples of "new reliable evidence"). Therefore, he is not entitled to federal review of the claims asserted in his time-barred § 2254 petition. Accordingly, his petition should be dismissed with prejudice.

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 15) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this $\underline{2^{nd}}$ day of April 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).