**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DONNIE WARREN,

       Petitioner,

vs.                                        Case No.:  3:13cv296/RV/EMT

MICHAEL CREWS,

       Respondent.

_____/

**O R D E R**

Donnie Warren has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. This cause is now before the court for consideration upon the magistrate judge's Report and Recommendation of April 2, 2014 (doc. 22) ("Report").  The petitioner was furnished with a copy of the Report and afforded the opportunity to file (and has filed) an objection pursuant to 28 U.S.C. § 636(b)(1).  I have made a de novo determination of that objection. The Report concludes that the petition is untimely, and it recommends dismissal on that ground. I agree with (and adopt) the Report. I write separately to emphasize that dismissal is also appropriate on the merits.

The petitioner and another individual, Emmett Reeves, were charged by Information back in 1976 with "unlawfully by force, violence, assault or putting in fear, tak[ing] certain property, to wit: $250.00 in silver and a large amount in cash" from the manager of a Delchamp's Grocery Store, during the course of which they "carried a firearm, to wit: a .38

caliber revolver, in violation of Florida Statute 812.13." They pled guilty and were sentenced to life imprisonment. The petitioner was twenty years old at that time.[1] When he was charged in that case, Section 812.13 provided in relevant part as follows (emphasis added):

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.

> **(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.**

> (b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

> (c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

While the Information referenced Section 812.13 generally, and did not specifically reference subsection (2)(a), the record reflects that the petitioner was charged with and pled guilty to that subsection. For example, as quoted above, the body of the Information made clear that he had been charged with robbery during which he (and his co-defendant) "carried a firearm, to wit: a .38 caliber revolver". The transcript of the plea and sentencing hearing ---

---

[1] While the sentence was certainly severe under the circumstances, that is not the standard for Section 2254 relief.

at which the petitioner was represented by counsel --- confirms that he knew he was charged with (and was pleading guilty to) armed robbery under subsection (2)(a) in substance, albeit not in name. During that hearing, with the petitioner alongside him, co-defendant Reeves was advised that:

> [Prosecutor]: You understand that in this Information you are charged that you did unlawfully, by force, violence, assault or putting in fear, take money from property of Delchamps, and Mr. Tom Gurton as the manager of Delchamps --- and in the course of taking that money a firearm was carried? Do you understand the charge against you?
>
> Reeves: Yes, sir.
>
> [Prosecutor]: Do you understand that by entering a plea of guilty to this charge that you are in fact admitting guilt to the facts alleged in that Information?
>
> Reeves: Yes, sir.[2]

---

[2] When petitioner was subsequently asked this same general question, the prosecutor failed to mention that the robbery involved a firearm. Specifically, the prosecutor asked (and petitioner answered yes to the question): "Do you understand the charge of robbery that has been placed against you --- that you have by force, violence, assault or putting in fear, take certain property, to wit, a certain amount of money from the manager of Delchamps Grocery, Tom Gurton?" Doc. 15-1 at 38. This apparent error does not change the outcome of this case. First of all, petitioner was present in the courtroom during the above exchange with his co-defendant, and it was clear from that exchange that the Information charged them both with robbery "in the course of [which] a firearm was carried." Furthermore, as will be seen in the text, there were several references during the hearing which make clear that the petitioner knew the charge that he was pleading guilty to. Accordingly, as the Florida state court said during an earlier collateral proceeding, while "the trial judge inadvertently failed to expressly adjudicate WARREN guilty of the crime charged by reciting the words 'and in the course of a robbery carried a firearm, to wit: a .38 caliber revolver'", this omission was ultimately of no moment since "the Defendant was adjudged guilty of and sentenced for the offense of robbery with a firearm as charged in the Information and as he pled." See id. at 77.

(Doc. 15-1 at 35).

The petitioner was then asked if he understood, as provided under subsection (2)(a), "that the maximum sentence you could receive under Florida law would be life imprisonment in the state prison" --- and that anything less was "left entirely up to the judge's discretion" --- and he said that he understood. Id. at 40. Thereafter, during the recitation of relevant facts, the prosecutor stated that the evidence at trial would show that, during the robbery, "Donnie Warren pulled a .38 caliber revolver and said something to the effect of, 'Let's go inside and give me all your money.'" See id. at 41. The petitioner admitted that was "basically a correct statement" of fact. Id. at 42. After that admission, the trial court said: "You, Donnie Warren, and you, Emmett Reeves, having entered a plea of guilty to **armed robbery** as charged . . . the court adjudges you and each of you to be guilty of **armed robbery** as charged in said Information." See id. (emphasis added). Neither defendant nor their counsel objected to this characterization and description of their plea. To the contrary, moments later while asking for lesser sentence, defense counsel told the court that "**both [defendants] realize**" that they were going to have to serve some time in prison "**because this is a robbery committed with a firearm.**" See id. at 46 (emphasis added).

In short, the transcript shows that the petitioner and other participants in the courtroom understood that he was pleading guilty to armed robbery for which he could be sentenced to life imprisonment (and not "simple robbery," as he now claims). The judgment and sentence further confirm that he was adjudged guilty of and sentenced for armed robbery. Id. at 21-22.

Consequently, the petitioner's contention that he was convicted of and sentenced for a crime

of a "higher degree" than was actually charged in the charging document is incorrect. He was

charged with armed robbery for which he could be sentenced to life imprisonment, and that

is what he pled guilty to, notwithstanding that the Information failed to specifically reference

the particular subsection.[3]

Furthermore, even if there was legal and factual merit to his claim, he would still have

to show that his petition was timely. As the Report concludes, this he has not done. Although

he contends in his objection that it was "impossible for the Petitioner to present the issues [to

this court] . . . until the State Appeals Court decided <u>Figueroa v. State</u>, 84 So.3d 1158 (Fla.

2d DCA 2012)," that case does not really help him. The defendant in <u>Figueroa</u> was charged

by Information, the <u>caption</u> was which read "Robbery with a firearm, F.S.., 812.13, 775.087,

777.011, punishable by life felony." However, the actual <u>body</u> of that Information did not say

anything about a firearm. He was convicted by jury of armed robbery and sentenced to life

imprisonment. On collateral review, the Second DCA held that the allegation that defendant

possessed a gun during the course of the robbery was an essential element of the crime and,

---

[3] I note that Rule 3.140(d)(1) of the Florida Rules of Criminal Procedure provides that any citation error or omission in an indictment or information is not grounds for dismissal or reversal "if the error or omission did not mislead the defendant to the defendant's prejudice." As discussed above, the petitioner and counsel here were clearly not misled and prejudiced by the fact that the Information did not specifically reference the armed robbery subsection. As defense counsel himself said, the petitioner and his co-defendant "realize[d]" (as apparently did everyone else) that they were, in fact, pleading guilty to armed robbery for which they could potentially receive a life sentence.

therefore, his sentence was illegal. This was based on case law holding that "when there is a discrepancy between the heading and the body of an information as to the offense charged, the offense described in the body is the one with which the defendant is charged." See id. at 1160. Thus, the court stated: "an information is fundamentally defective where it fails to cite a specific section **and** totally omits an essential element of the crime" in the body. See id. at 1161 (emphasis added). On the facts presented here, by contrast, while the Information failed to cite the particular subsection, it did not --- unlike in Figueroa --- "totally omit an essential element of the crime", i.e., the allegation that the petitioner carried a gun during the course of the robbery. That allegation/element was included in the body of the Information; it was discussed throughout the plea and sentencing hearing; and the petitioner admitted to all the pertinent facts during the hearing. Figueroa is thus inapplicable.

And in any event, the one-year period of limitation in Section 2244(d)(1) runs from the latest of the date: (A) when the judgment became final; (B) when the impediment to filing is removed; (C) when a constitutional right is newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) when the factual predicate of the claim could have been discovered through the exercise of due diligence. (B) is inapplicable for all the reasons identified by the Magistrate Judge; the state court decision in Figueroa does not fall under (C) as it is not a decision rendered by the Supreme Court and made retroactive on collateral review; and (D) provides no relief as there is no persuasive argument that petitioner did not know --- or could not have known --- of the factual predicate for his claim sooner.

Therefore, even if <u>Figueroa</u> was directly on point (which it is not), it would still not toll the AEDPA's one-year filing period and the petition would still be time-barred.

In sum, the petitioner and his co-defendant were charged by Information with armed robbery, even though the specific subsection was not identified in that document. Although the prosecutor did not reference the "carried a gun in the course of" language during the petitioner's portion of the plea and sentencing hearing, (1) he was present in the courtroom while his co-defendant (charged in the same Information) was advised of that element; (2) he was present with his attorney; (3) he admitted to all the relevant facts, including that in the course of the robbery he "pulled a .38 caliber revolver and said something to the effect of, 'Let's go inside and give me all your money'"; (4) during his portion of the plea hearing, the petitioner was advised that he could be sentenced up to life in prison; and (5) his counsel expressly told the court that both the petitioner and the co-defendant "realize[d]" they were pleading guilty to "robbery committed with a firearm." The petitioner was adjudged guilty of armed robbery --- which was reflected in both the written judgment and the sentence --- and he did not object or appeal that issue for more than 30 years. Although he argues, <u>inter alia</u>, that his current federal petition is timely as it was "impossible" for him to raise this issue until after the Second DCA's decision in <u>Figueroa</u>, as stated above, that state court decision does not toll AEDPA's one-year statute of limitations period and, moreover, it involved the situation where a defendant was charged by Information that "totally omit[ted]" an essential element of the offense, which is not the situation here. The petition is thus both untimely and without merit.

Accordingly, it is now **ORDERED** as follows:

1.      The Report is adopted and incorporated by reference in this order.

2.      The respondent's motion to dismiss (doc. 15) is **GRANTED**.

3.      The petition for writ of habeas corpus (doc. 1) is **DISMISSED** with prejudice

as untimely.

4.      A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 19th day of May, 2014.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**